IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY HARRIS,
Plaintiff,

v.

SEP 16 2025 PM 12:11
FILED - USDC - FLMD - TPA

PINELLAS COUNTY,
JESUS GONZALEZ, in his official capacity as ADA Coordinator,
SHAWN CRANE, in his official capacity as Chief Judge of the Sixth Judicial Circuit,
PINELLAS COUNTY SHERIFF, in his official capacity as administrator of the Pinellas County
Jail,

Defendants.

Case No.: 8:24-cv-2459-TPB-TGW

## THIRD AMENDED COMPLAINT FOR VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (ADA), SECTION 504 OF THE REHABILITATION ACT, AND FLORIDA LAW

COMES NOW, Plaintiff JAY HARRIS, proceeding pro se, respectfully submits this Third

Amended Complaint against Defendants PINELLAS COUNTY, FLORIDA; SHERIFF BOB

GUALTIERI, in his official capacity; JESUS GONZALEZ, ADA Coordinator, in his official

capacity; and CHIEF JUDGE SHAWN CRANE, in his official capacity. In support thereof,

Plaintiff states as follows:

## PRELIMINARY STATEMENT

1.  This case challenges a multi-year pattern of disability discrimination that denied a Deaf

    litigant meaningful access to court proceedings, arrest and detention processes, attorney

    consultation, and County-administered programs, in violation of Title II of the ADA,

§ 504 of the Rehabilitation Act, and Florida law.

2.    Plaintiff communicates primarily in American Sign Language ("ASL") and requires

qualified ASL interpreters and/or functionally equivalent auxiliary aids to ensure

"effective communication" and "meaningful access." 42 U.S.C. § 12132; 29 U.S.C. § 794;

28 C.F.R. §§ 35.130, 35.152, 35.160; Tennessee v. Lane, 541 U.S. 509, 531–34 (2004);

Silva v. Baptist Health S. Fla., Inc., 856 F.3d 824, 834–36 (11th Cir. 2017); Silberman v.

Miami-Dade Transit, 927 F.3d 1123, 1133–35 (11th Cir. 2019); Bircoll v. Miami-Dade

Cnty., 480 F.3d 1072, 1084–88 (11th Cir. 2007).

3.    Despite repeated advance requests and written grievances, Defendants failed to furnish

qualified interpreters or functionally equivalent aids during Plaintiff's hearings, arrest and

detention, attorney meetings, and County training—causing confusion, continuances,

humiliation, anxiety, financial loss, and prejudice to his defense.

4.    Plaintiff seeks compensatory damages from the County and Sheriff for intentional

discrimination (deliberate indifference), declaratory relief, and **narrow, plaintiff-specific

injunctive relief** ensuring qualified interpreters and functionally equivalent

communication for **his** future hearings and any future detention. See Liese v. Indian

River Cnty. Hosp. Dist., 701 F.3d 334, 344–45 (11th Cir. 2012); United States v. Georgia,

546 U.S. 151, 157–58 (2006).

## <u>NOTE ON COMPLIANCE WITH AUGUST 26, 2025 ORDER</u>

5.    Consistent with the Court's Order:

(a) Plaintiff pleads injury-in-fact, traceability, redressability, and a **real, immediate

threat** of future harm tied to **noticed** settings (October 9, 2025 pre-trial; October

2025 jury trial) to support injunctive standing (Houston v. Marod Supermarkets, Inc.,

733 F.3d 1323, 1335–37 (11th Cir. 2013); Shotz v. Cates, 256 F.3d 1077, 1081 (11th

Cir. 2001); Wooden v. Bd. of Regents, 247 F.3d 1262, 1284 (11th Cir. 2001));

(b) **No shotgun pleading**—each Count asserts **one statute** against **one
Defendant**

with the **specific acts/omissions** alleged; and

(c) Plaintiff pleads **lack of meaningful access** and **deliberate indifference** with

dates, actors, and written notice.

## <u>JURISDICTION AND VENUE</u>

6.   Federal-question jurisdiction exists under 28 U.S.C. §§ 1331 and 1343 because this action

arises under Title II of the ADA, 42 U.S.C. § 12131 et seq., and § 504 of the

Rehabilitation Act, 29 U.S.C. § 794.

7.   Supplemental jurisdiction exists under 28 U.S.C. § 1367(a) over Plaintiff's Florida-law

claims because they arise from the same nucleus of operative facts.

8.   Venue is proper in this District and Division under 28 U.S.C. § 1391(b). All events

occurred in Pinellas County, Florida (Tampa Division).

### PARTIES

9.   Plaintiff JAY HARRIS is a profoundly Deaf resident of Palm Harbor, Florida (Pinellas

County). He is a "qualified individual with a disability" under the ADA and § 504. He

primarily uses ASL and, depending on context, requires team (two) ASL interpreters or

functionally equivalent auxiliary aids. See 28 C.F.R. § 35.160.

10.   Defendant PINELLAS COUNTY, Florida is a "public entity" within the meaning of 42

U.S.C. § 12131(1), and receives federal financial assistance for programs/services subject to §

504.

11.   Defendant SHERIFF BOB GUALTIERI (official capacity) operates the Pinellas County

Jail and is responsible for ADA compliance in arrest/booking/detention. See 28 C.F.R. § 35.152.

12.   Defendant JESUS GONZALEZ (official capacity) is the Sixth Judicial Circuit ADA Coordinator, an official with authority to address ADA discrimination and the Rehabilitation Act. and to implement corrective measures on the court's/County's behalf, and is responsible for ensuring compliance with disability accommodation requests, including providing ASL interpreters for court proceedings.

13.   Defendant Chief Judge Shawn Crane (official capacity) is responsible for policies and courtroom operations within the Sixth Judicial Circuit to ensure the ADA and Rehabilitation Act. compliance in proceedings. Plaintiff seeks only declaratory/injunctive relief against Chief Judge Crane; no damages are sought from him.

## GOVERNING LEGAL STANDARDS

14.   Public entities must furnish appropriate auxiliary aids/services to ensure **effective communication** with Deaf individuals, considering context and complexity. 28 C.F.R. § 35.160(a)–(b). Jails must ensure equal access. Id. § 35.152(b)(1).

15.   Title II and § 504 require **meaningful access**. Lane, 541 U.S. at 531–34; Silva, 856 F.3d at 834–36; Silberman, 927 F.3d at 1133–35; Bircoll, 480 F.3d at 1084–88.

16.   Compensatory damages under Title II/§ 504 require **deliberate indifference**—actual knowledge by an official with authority and failure to act. Liese, 701 F.3d at 344–45;

Silberman, 927 F.3d at 1134–35. (Punitive damages are unavailable under Title II/§ 504.

Barnes v. Gorman, 536 U.S. 181, 189 (2002).)

17.    Access-to-courts violations supply the constitutional "hook" for Title II damages. Lane,

541 U.S. at 533–34; Georgia, 546 U.S. at 157–58; National Association of the Deaf v.

Florida, 980 F.3d 763, 771 & n.2 (11th Cir. 2020).

18.    Injunctive standing requires a real and immediate threat of future injury. Houston, 733 F.3d

at 1335–37; Shotz, 256 F.3d at 1081; Wooden, 247 F.3d at 1284.

19.    To the extent detention-related claims implicate the PLRA, exhaustion is an **affirmative

defense**, not a pleading requirement, and applies only where administrative remedies are

actually "available." Jones v. Bock, 549 U.S. 199, 216 (2007); Ross v. Blake, 578 U.S.

632, 642–44 (2016). Communication barriers may render remedies unavailable.


## FACTUAL ALLEGATIONS

(Chronological Narrative; 2021–September 2025)

A.    County-Affiliated Training Denial (October 14, 2021)

20.    On **October 14, 2021 at 2:00 p.m.**, Plaintiff attended a County-affiliated Realauction

training/workshop. Despite advance request, **no interpreter** or captioning was provided, excluding Plaintiff from participation and causing financial loss. 28 C.F.R. § 35.160; Silva, 856 F.3d at 835–36.

B.   Re-pleading of Previously Alleged Facts (Second Amended Complaint)

21.   For clarity and completeness, Plaintiff **restates here as stand-alone allegations** the specific events, dates, and communications regarding interpreter denials and technical failures that occurred between **2022 and 2023** in Case No. **19-000813-CO** and related matters. These events include the hearings of **March 14, 2022; May 17, 2022; June 14–15, 2022; July 28, 2022; June 15, 2023; and September 18, 2023**, all of which are set forth in ¶¶22–27 below. This ensures that the Court adjudicates within the **four corners of this complaint** without reliance on prior filings. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).C.   Repeated Interpreter Failures in Case No. 19-000813-CO (2022–2023).

22.   **March 14, 2022 (10:30 a.m.)** — No qualified interpreter appeared. Plaintiff could not understand or participate. 28 C.F.R. § 35.160.

23.   **May 17, 2022** — No interpreter. Plaintiff immediately emailed Judicial Assistant Shannon Karczewski that the hearing was inaccessible to him as a Deaf litigant.

24.   **June 14–15, 2022** — Staff directed Plaintiff to the ADA portal even though he had already submitted requests; Interpreter Office demanded redundant information.

25. **July 28, 2022 (9:30 a.m.)** — No interpreter at call; ad-hoc VRS was used; not functionally equivalent. 28 C.F.R. § 35.160(b)(1); Silva, 856 F.3d at 835–36.

26. **June 15, 2023** — After **ADA Request #27841946**, the Interpreter Office said it lacked Zoom info; no interpreter was secured; Plaintiff was excluded.

27. **September 18, 2023** — Zoom hearing before Judge Bedinghaus with interpreter **Rosalind Gillis**; repeated freezes/poor contrast and rushed interpretation rendered access ineffective. Plaintiff requested clarifications; the court did not pause sufficiently. See 28 C.F.R. § 35.160(b)(1).

D.  Arrest, Booking, and Detention Failures (June–November 2024)

28. **June 30, 2024** — Arrest and booking without an interpreter. Plaintiff could not understand charges, rights, or communicate during medical intake. Bircoll, 480 F.3d at 1084–86.

29. In jail, Plaintiff requested a **VideoPhone**; was offered only a malfunctioning **TTY** he could not use; no effective access to counsel/family.

30. **November 15, 2024** — Post-arrest proceeding without any functioning auxiliary aid; Plaintiff was confused and humiliated.

E.  Courtroom Failures in 2024–2025; Interpreters Leaving Mid-Hearing

31.  **August 21, 2024 (24-005531-FD)** — Two interpreters left mid-hearing; no

replacement; continuance; public humiliation. PINELLAS COUNTY's interpreter scheduling

failed to provide backup coverage.

32.  **August 28, 2024 (24-005531-FD)** — Assigned interpreter "Jessica" failed to swear an

oath; lacked competency; repeatedly interrupted; Plaintiff could not follow legal terms.

33.  **January 6, 2025 (23-008209-SC)** — Only one interpreter appeared for a proceeding

that required a team; the matter was continued. The COUNTY elected VRI but did not ensure

functional equivalence or a confidential attorney–client channel.

F.  Criminal Case 24-06135-CF: Meetings With Counsel and 2025 Hearing Failures

34.  **February 28, 2025 — Attorney Meeting Without Interpreter.** Plaintiff met with his

assigned public defender, **Steven Heusser**, to discuss a plea offer from the State. **No

interpreter was present**, despite prior requests. Plaintiff could not participate fully in the

legal discussion—violating 28 C.F.R. § 35.160(a)(1) & (b)(1).

35.  **March 28, 2025 — Hearing With Unstable Zoom.** Despite advance request, no

qualified **in-person** interpreter appeared. The court attempted Zoom VRI; the connection

froze; there was **no confidential attorney-client channel**—not functionally equivalent.

28 C.F.R. § 35.160(b)(1); Silva, 856 F.3d at 835–36.

9

36. **April 28, 2025 —Repeat Failure. As with the March 28 hearing, no qualified in-person interpreter appeared. The court attempted to rely on unstable Zoom VRI, which repeatedly froze and lacked a confidential attorney-client channel. Despite actual notice of Plaintiff's accommodation needs and the prior March 28 failure, Defendants failed to provide a replacement interpreter or any effective alternative. Plaintiff was again denied meaningful access. See *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1087 (11th Cir. 2007); *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 835–36 (11th Cir. 2017)37.   **May 8, 2025 — Written Grievance.** Plaintiff filed a detailed ADA grievance.

37. **May 8, 2025 — Written Grievance.** Plaintiff filed a detailed the ADA and 504 section grievance.

   **May 13, 2025** — Court Counsel **Lyndsey E. Siara** acknowledged receipt (cc: **Gonzalez** and Director **Inass Riyad**), promising investigation and a corrective plan within 30 days.

38. **June 30, 2025 — Trial-Prep Meeting; Last-Minute Interpreter Cancellation.** Plaintiff met with Mr. Heusser for trial preparation after submitting a written outline. The interpreter

   **canceled 49 minutes** before the meeting; **no replacement** was provided; Plaintiff was not notified until **after** the scheduled time and could not communicate effectively. See

   Bircoll, 480 F.3d at 1087 (effective communication required).

39. **July 1, 2025 — Written Documentation to PD's Office.** Plaintiff emailed the public

defender's office documenting the failed meeting and its impact on his defense, consistent

with the duty to accommodate known needs. See Robertson v. Las Animas County. Sheriff's

Dep't, 500 F.3d 1185, 1198 (10th Cir. 2007) (entity's knowledge triggers duty to act).

40.   **July 21, 2025 — Phone/Video Hearing With Impaired Access.** At a Sixth Judicial

Circuit telephone/video hearing on multiple motions, an interpreter was provided but the

**video connection was severely impaired** (freezing, blurry, unreliable speaker

identification). Plaintiff could not follow or respond—violating 28 C.F.R. § 35.160(b)(2)

(requiring effectiveness in the specific context).

41.   **July 28, 2025 — Hearing Canceled for Lack of In-Person Interpreter.** The court failed

to secure an in-person interpreter; the hearing was **canceled**, exemplifying ongoing

failure to ensure timely and adequate accommodations. See Duvall v. Cnty. of Kitsap,

260 F.3d 1124, 1139 (9th Cir. 2001) (failure to act upon notice can be deliberate

indifference).

42.   **September 8, 2025 — Pre-Trial Without Interpreter.** At pre-trial, **no interpreter**

was present at call; Plaintiff alerted staff; he could not understand or participate.

43.  **Future Settings.** Additional settings are noticed: **October 9, 2025** pre-trial;
**October 2025** jury trial. Given the multi-year pattern and written acknowledgments without

effective correction, Plaintiff faces a **real and immediate** threat of repeated injury.

Houston, 733 F.3d at 1336–37.

G.  Systemic Responsibility; Actual Knowledge; Deliberate Indifference

44.  These recurring failures reflect a **systemic breakdown in ADA compliance** within Pinellas
County, overseen by officials with authority to correct them, including ADA Coordinator **Jesus
Gonzalez** (responsible for access requests and grievance processing) and **Chief Judge Shawn
Crane** (responsible for courtroom operations and interpreter policy). Both officials had **actual
knowledge** of Plaintiff's needs through repeated ADA portal submissions, direct emails, and the
**May 13, 2025 grievance acknowledgment** from Court Counsel Lyndsey Siara (which copied
Gonzalez). Despite this notice, Defendants **failed to provide effective corrective action or
backup measures**, amounting to **deliberate indifference** under governing precedent. See *Liese
v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 344–45 (11th Cir. 2012); *Silberman v. Miami-
Dade Transit*, 927 F.3d 1123, 1134–35 (11th Cir. 2019).H.  Injuries, Traceability, and
Redressability

45.  Communication barriers **caused** emotional distress, anxiety, humiliation, delay, lost

opportunities, attorney-client prejudice, and > **$20,000** out-of-pocket expense to retain

private counsel. Harms are fairly traceable to Defendants' failures and redressable by

damages and narrowly tailored injunctive relief.

I.  Standing for Prospective Relief

46.  Plaintiff's criminal case **24-06135-CF** remains pending with **October 9, 2025** pre-

trial and **October 2025** trial; risk of detention persists. Repeated past denials + imminent

settings = real and immediate threat of recurrence. Houston, Shotz, Wooden.

## DELIBERATE INDIFFERENCE SUMMARY

47.  **Authority to act**: Gonzalez (court access), Sheriff (jail communications), County (court

admin/programs), Chief Judge (courtroom operations/policy).

48.  **Actual knowledge**: Emails, ADA portal requests, and **written grievances** (Aug

2024 → May 2025) acknowledged by Court Counsel **Siara** (copying **Gonzalez**).

49.  **Failure to act**: No backup interpreters; interpreters leaving mid-hearing; failure to

schedule **two** interpreters for long/complex matters; unstable VRI without ensuring

**functional equivalence** and confidential attorney-client access; lack of functioning

videophone/VRS/TTY in jail; failure to ensure sworn, legally competent interpreters.

50.  Under Eleventh Circuit law, these facts meet **deliberate indifference** and the

**Fourteenth Amendment** access-to-courts hook. Liese; Silberman; Lane; Georgia; NAD v.

Florida.

## CLAIMS FOR RELIEF

(Each Count = One Statute Against One Defendant)

COUNT I — TITLE II OF THE ADA, 42 U.S.C. § 12132

(Against PINELLAS COUNTY — Courts & County Programs)

51.  Plaintiff incorporates ¶¶ 8–48. Pinellas County is a public entity responsible for administering court-access coordination and County programs, including interpreter scheduling and ADA compliance.

52.  By failing to furnish qualified interpreters and effective auxiliary aids at multiple listed proceedings (Mar. 14, 2022; May 17, 2022; Jul. 28, 2022; Jun. 15, 2023; Sep. 18, 2023; Aug. 21, 2024; Aug. 28, 2024; Jan. 6, 2025; Feb. 28, 2025; Mar. 28, 2025; Apr. 28, 2025; Jun. 30, 2025; Jul. 21, 2025; Jul. 28, 2025; Sep. 8, 2025; and Oct. 14, 2021 workshop), the County excluded and denied Plaintiff meaningful access because of his Deafness.

28 C.F.R. §§ 35.130, 35.160; Silva; Silberman; Bircoll.

53.  Officials with authority, including ADA Coordinator JESUS GONZALES, had **actual knowledge** through Plaintiff's written grievances, ADA portal submissions, and direct acknowledgments (including the May 13, 2025 email from Court Counsel Lyndsey Siara copying Gonzalez), but failed to implement corrective measures. This refusal to act constitutes

**deliberate indifference**. *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 344–45 (11th Cir. 2012).

54.   Relief: **Compensatory damages** (available under Title II where deliberate indifference is shown), **declaratory relief**, and a **narrow, plaintiff-specific injunction** requiring:

(a) qualified interpreters present for Plaintiff's future court appearances;

(b) backup coverage to prevent cancellations;

(c) confidential attorney-client channels for any VRI use; and

(d) full-duration interpreter presence from call to adjournment.

28 C.F.R. § 35.160(b)(1). Plaintiff suffered **emotional distress, humiliation, delays, attorney-client prejudice, and financial losses exceeding $20,000**.

COUNT II — SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794

(Against PINELLAS COUNTY — Courts & County Programs)

55.   Plaintiff incorporates ¶¶ 8–48. The County receives federal financial assistance and is therefore subject to § 504.

56.   By failing to furnish qualified interpreters and effective communication aids at the dates listed (including **Oct. 14, 2021; Mar. 14, 2022; May 17, 2022; Jul. 28, 2022; Jun. 15, 2023; Sep. 18, 2023; Aug. 21, 2024; Aug. 28, 2024; Jan. 6, 2025; Feb. 28, 2025; Mar. 28, 2025; Apr. 28, 2025; Jun. 30, 2025; Jul. 21, 2025; Jul. 28, 2025; Sep. 8, 2025**), the County excluded and denied Plaintiff **by reason of disability**, violating § 504. *Silberman v. Miami-Dade Transit*, 927 F.3d 1123, 1134–35 (11th Cir. 2019).

57.  Relief: **Compensatory damages** (for intentional discrimination under § 504), **declaratory relief,** and a **tailored injunction** consistent with Count I. Plaintiff does not seek punitive damages. *Barnes v. Gorman*, 536 U.S. 181, 185–86 (2002).

COUNT III — TITLE II OF THE ADA, 42 U.S.C. § 12132

(Against SHERIFF BOB GUALTIERI, Official Capacity — Jail/Detention)

58.  Plaintiff incorporates ¶¶ 8–48. The Sheriff operates a covered program. 28 C.F.R. § 35.152.

59.  On **June 30, 2024** (arrest/booking) and **Nov. 15, 2024** (post-arrest proceeding), the

Sheriff's Office failed to provide qualified interpreters and functioning aids (VRS/VRI/

TTY/VideoPhone), denying meaningful access. 28 C.F.R. §§ 35.130, 35.152, 35.160; Bircoll.

60.  Jail officials had actual knowledge but failed to act (Liese). Plaintiff suffered humiliation,

isolation, and legal prejudice. Relief: compensatory damages; declaratory relief; **narrow**

injunction requiring functioning systems and qualified interpreters for Plaintiff during any

future detention.

COUNT IV — SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794

(Against SHERIFF BOB GUALTIERI, Official Capacity — Jail/Detention)

61. Plaintiff incorporates ¶¶ 8–48. The Sheriff's Office receives federal funds.

62. By failing to provide effective communication at arrest/booking/detention, the Sheriff's Office excluded/denied Plaintiff **by reason of** disability, violating § 504. Deliberate indifference supports damages (Liese). Relief as in Count III.

COUNT V — TITLE II OF THE ADA (Declaratory/Injunctive Only)

(Against JESUS GONZALEZ, Official Capacity — Court Access Management)

63. Plaintiff incorporates ¶¶ 8–48. As ADA Coordinator, Gonzalez had authority to address and correct. He received Plaintiff's grievances/acknowledgments (Aug 2024 → May 2025) yet failed to implement backup coverage, team interpreters, functional VRI, and confidential attorney-client access.

64. **Relief:** Plaintiff seeks **declaratory judgment** and a **narrow, plaintiff-specific injunction** requiring Defendant Gonzalez, in his role as ADA Coordinator, to implement procedures that ensure:

(a) qualified interpreters are secured for all of Plaintiff's future proceedings;

(b) backup interpreters are arranged in advance to prevent cancellations;

(c) interpreters remain for the **full duration** of hearings; and

(d) any use of Video Remote Interpreting (VRI) is functionally equivalent, with stable

video/audio and a confidential attorney-client channel. Plaintiff does not seek damages from Gonzalez.

COUNT VI — TITLE II OF THE ADA (Declaratory/Injunctive Only)

(Against CHIEF JUDGE SHAWN CRANE, Official Capacity — Courtroom Operations)

65.  Plaintiff incorporates ¶¶ 8–48. As Chief Judge, Crane is responsible for courtroom

operations and policies.

66.  **Aug. 21, 2024** (interpreters left mid-hearing) and **Sep. 8, 2025** (no interpreter) plus  imminent **Oct. 9, 2025**/ **Oct. 2025** settings show a real and immediate threat of recurrence. Houston.

67.  Relief: **Declaratory** and **narrow injunction** ensuring two qualified legal interpreters for >1-hour/witness proceedings; presence from call to adjournment; **pre-arranged backup**;  and functionally equivalent VRI with a **private attorney-client channel**. 28 C.F.R. § 35.160(b)(1). **No damages** sought from Chief Judge Crane.


COUNT VII — FLORIDA STATUTES §§ 413.08 & 760.07

(Against PINELLAS COUNTY — Courts & Programs)

68.  Plaintiff incorporates ¶¶ 8–48. The County's failures in court-related services and programs

constitute discrimination under §§ 413.08 and 760.07. Relief: compensatory damages as

permitted by Florida law (including mental anguish, loss of dignity), declaratory relief, and

narrow injunctive relief consistent with Counts I–II.

## COUNT VIII — FLORIDA STATUTES §§ 413.08 & 760.07

### (Against SHERIFF BOB GUALTIERI, Official Capacity — Jail/Detention)

69.  Plaintiff incorporates ¶¶ 8–48. Failures during arrest/booking/detention violate §§ 413.08

and 760.07. Relief: compensatory damages (including jail-related trauma), declaratory

relief, and narrow injunctive relief consistent with Counts III–IV.

## COUNT IX — TITLE II OF THE ADA & SECTION 504 (Denial of Effective Communication During Legal Representation Meetings)

### (Against PINELLAS COUNTY — Court-Access Coordination)

70.  Plaintiff realleges and incorporates ¶¶ 8–48.

71.  **Conduct**: The County failed to ensure effective communication **during legal

representation**, including but not limited to:

(a) **Feb. 28, 2025** — meeting with public defender **without an interpreter** despite

requests, depriving Plaintiff of meaningful participation. 28 C.F.R. § 35.160(a)(1), (b)(1).

(b) **Jun. 30, 2025** — trial-prep meeting where the interpreter **canceled 49 minutes before**; no replacement; Plaintiff was notified only **after** the scheduled time and could not communicate. Bircoll, 480 F.3d at 1087.

(c) **Jul. 1, 2025** — Plaintiff **emailed** the PD's office documenting the failure and the severe impact on defense preparation. See Robertson, 500 F.3d at 1198 (knowledge triggers duty to accommodate).

(d) **Jul. 21, 2025** — telephone/video hearing with **severely impaired video** (freezing, blurry, no speaker identification) denying meaningful access. 28 C.F.R. § 35.160(b)(2).

(e) **Jul. 28, 2025** — hearing **canceled** for lack of in-person interpreter, showing ongoing failure to ensure timely accommodations. Duvall, 260 F.3d at 1139.

72.  **Violation**: Defendants (through the County's court-access coordination) failed to ensure

effective communication and reasonable modifications during attorney-client meetings and related hearings, violating **Title II** (42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7)) and

**§ 504** (29 U.S.C. § 794).

73.  Relief: **Declaratory** and **narrow, plaintiff-specific injunctive relief** requiring procedures that ensure qualified interpreters (including backup and full-duration presence) and

functionally equivalent VRI for Plaintiff's future proceedings. **No damages** sought from

Gonzalez.

.  **Deliberate indifference**: The County had **actual knowledge** via Plaintiff's requests and written documentation, yet failed to implement corrective measures (backup interpreters, confidential channel for VRI, team coverage), satisfying Liese/Silberman.

74.  **Injury/Relief**: Loss of access to counsel, exclusion from proceedings, emotional distress,

and defense prejudice. Plaintiff seeks compensatory damages (Title II/§ 504), declaratory

relief, and a **narrow, plaintiff-specific injunction** requiring ASL interpreters and

functionally equivalent communication for Plaintiff's attorney-client meetings and related

proceedings (including confidential channels for VRI).

75.  The County's failures were not isolated mistakes but constituted ongoing disability-based discrimination: Plaintiff was excluded and treated differently from hearing participants solely because of his Deafness. The County knew interpreters and auxiliary aids were required yet

failed to act, which is discrimination under 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(1)(ii). See Tennessee v. Lane, 541 U.S. 509, 522–23 (2004).

76. Specifically:

(a) PINELLAS COUNTY excluded Plaintiff by failing to schedule or provide qualified interpreters at multiple hearings (Mar. 14, 2022; May 17, 2022; Jun. 15, 2023; Aug. 21, 2024; Aug. 28, 2024; Jan. 6, 2025; Mar. 28, 2025; Apr. 28, 2025; Jul. 21, 2025; Jul. 28, 2025; Sep. 8, 2025), and by providing malfunctioning VRI that lacked confidentiality or functional equivalence.

(b) SHERIFF BOB GUALTIERI excluded Plaintiff at arrest, booking, and detention (Jun. 30, 2024; Nov. 15, 2024) by failing to provide interpreters, VideoPhone, or working auxiliary aids, denying him meaningful access to jail and counsel.

(c) ADA Coordinator JESUS GONZALES personally received Plaintiff's ADA grievances and written complaints — including the May 13, 2025 grievance acknowledgment that copied his name. Despite actual notice of repeated failures, Gonzalez did not implement backup interpreter coverage, team interpreters, or confidential attorney–client VRI channels. The continued absence of corrective measures shows not mere oversight but **intentional disregard and unwillingness to change**, amounting to ongoing discrimination.

(d) CHIEF JUDGE SHAWN CRANE was likewise placed on notice through Plaintiff's grievances and ADA correspondence naming his office. Despite this notice, no changes or improvements were made to courtroom interpreter policies. Under his supervision, interpreters were still allowed to leave mid-hearing (Aug. 21, 2024) and critical hearings proceeded or were

canceled without interpreters (Sep. 8, 2025). This refusal to modify policies despite clear knowledge evidences **intentional discrimination and systemic unwillingness to correct barriers**.

## PRO SE & EXHAUSTION STATEMENT

77.   Plaintiff proceeds **pro se**; pleadings are construed liberally. Erickson, 551 U.S. at 94. To the extent PLRA exhaustion is raised for detention events, exhaustion is an **affirmative defense** and applies only where remedies are actually available; communication barriers rendered any jail grievance process effectively **unavailable**. Jones v. Bock, 549 U.S. 199, 216 (2007); Ross v. Blake, 578 U.S. 632, 642–44 (2016).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and award:

A.   **Declaratory Relief**

1. Declarations that the County and Sheriff violated Title II and § 504 by denying effective communication/meaningful access (including during attorney-client meetings);

2. Declarations that the same conduct violates Fla. Stat. §§ 413.08 and 760.07;

    3. Declarations that Gonzalez (official capacity) and Chief Judge Crane (official capacity)

       must implement procedures ensuring Plaintiff's future access.

B.   **Narrow, Plaintiff-Specific Injunctive Relief**

    **Courts (Plaintiff's matters only)**

    4. Two qualified legal ASL interpreters for hearings expected to exceed one hour or to

       involve witness testimony; interpreters present from **call to adjournment**; **pre-

       arranged backup**; any VRI must be **functionally equivalent** (stable connection,

       clear video/framing/lighting, and a **private attorney-client channel**). 28 C.F.R.

       § 35.160(b)(1)–(2).

    **Attorney–Client Meetings (Plaintiff's defense)**

    5. Qualified interpreters (or functionally equivalent VRI with confidential channel) for all

       defense meetings, plea discussions, and trial-prep sessions.

    **Jail/Detention (Plaintiff only)**

    6. Functioning VRS/VRI/TTY/VideoPhone/captioned devices and timely access to

       qualified interpreters for legal, medical, and disciplinary communications. 28 C.F.R. §§

35.152, 35.160.

**Coordination**

7. A single scheduling point of contact; 48-hour written confirmations; and an on-call

   **backup** plan for Plaintiff's noticed hearings/meetings.

C.  **Compensatory Damages**

8. Against Pinellas County and Sheriff Gualtieri, an amount to be determined by the jury

   (not less than **$500,000**) for emotional distress, humiliation, loss of meaningful

   access, attorney-client prejudice, and consequential losses (including > **$20,000**

   retained-counsel costs). (No punitive damages under Title II/§ 504. Barnes, 536 U.S.

   at 189.)

D.  **Costs, Fees, and Interest**

9. Taxable costs and allowable fees under 42 U.S.C. § 12205 and 29 U.S.C. § 794a; pre- and
post-judgment interest.

E.  **Further Relief**

10. Such other and further relief as the Court deems just and proper.


## DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial on all issues so triable.**


Dated: September 16, 2025

**Respectfully submitted,**

**Jay Harris**
Plaintiff, Pro Se
4825 Hummingbird Trl
Palm Harbor, FL 34683
jayharris.asl@gmail.com


I HEREBY CERTIFY that on September 16, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing was furnished via U.S. Mail and/or electronic service to the following:


**JAMES UTHMEIER**
Attorney General

/s/Lydon Schultz
Assistant Attorney General
Florida Bar No. 126615
Office of the Attorney General
Civil Litigation Central
3507 E. Frontage Road, Suite 150
Tel: (813) 233-2880
Lydon.Schultz@myfloridalegal.com


**Nicole E. Durkin**
Senior Associate Counsel
10750 Ulmerton Road
Largo, FL 33778

**Jeffrey N. Klein**
Assistant County Attorney
Pinellas County Attorney's Office
315 Court Street, 6th Floor
Clearwater, FL 33756
Email:
Secondary:
Attorney for Defendant Pinellas
County

**/s/ Jay Harris**
Jay Harris