UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY HARRIS,

    Plaintiff,

v.    Case No.: 8:24-CV-2459-TPB-TGW

PINELLAS COUNTY,
JESUS GONZALEZ, in his official
capacity as ADA Coordinator,
SHAWN CRANE, in his official capacity,
as Chief Judge of the Sixth Judicial Circuit,
PINELLAS COUNTY SHERIFF, in his
official capacity as administrator of the
Pinellas County Jail,

**DEFENDANTS JESUS GONZALEZ AND SHAWN CRANE'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

    Defendants JESUS GONZALEZ and SHAWN CRANE (hereinafter "Defendants"), by and through the undersigned counsel, hereby respectfully move this Honorable Court for an extension of time in which to respond to Plaintiff's Third Amended Complaint and in support thereof state as follows:

    On September 16, 2025, Plaintiff filed his Third Amended Complaint. (Doc. 40).

    Pursuant to Federal Rules of Civil Procedure R. 15(a)(3), Defendants had 14 days, or until September 30, 2025, to respond to Plaintiff's Third Amended Complaint.

Defendants hereby file this motion for extension of time to respond to Plaintiff's Third Amended Complaint one day after the deadline to respond has lapsed.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), when a motion for extension of time to respond is made after the time to respond has expired, the movant must show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

The factors to consider when determining whether excusable neglect exists include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).

Here, Plaintiff will not be prejudiced by an extension of time for Defendants to respond to Plaintiff's Third Amended Complaint, nor will such have an overt impact on the judicial handling of this case. An extension of time will not result in any undue delay in the case. There is no indication that an extension of time will result in any barriers to the parties' ability to litigate the case or Plaintiff's ability to obtain the relief he seeks. Of note, there has yet to be any scheduling order issued in this case. Today, this Honorable Court instructed the partied to file a joint Case Management Report on or before October 15, 2025. (Doc. 42).

Plaintiff's claims revolve around incidents alleged to have occurred during Plaintiff's various detentions, related court hearings, and an affiliated public training

workshop in Pinellas County, Florida. (Doc. 40). Each event is alleged to have occurred in the past and although Plaintiff has upcoming, related court hearings, Plaintiff does not allege any ongoing issues or concerns for such.

There is no reason to believe that an extension of time would result in any loss of evidence in this case. There is no reason to believe that an extension of time would impact the availability of any witnesses.

This extension of time is sought in good faith. The undersigned noticed that Defendants' time to respond to Plaintiff's Third Amended Complaint had lapsed today, October 1, 2025 (one day after the deadline for Defendants to respond). The undersigned filed this motion on the same day, October 1, 2025. The undersigned has made a good faith effort to notify this Honorable Court of the matter via this motion for extension.

Considering the above, excusable neglect exists to justify this Honorable Court granting Defendants belated motion for an extension of time to respond to Plaintiff's Third Amended Complaint.

Of note, this Honorable Court granted co-Defendant's motion for an extension of time today, October 1, 2025. (Doc. 43).

**WHEREFORE,** Defendants JESUS GONZALEZ and SHAWN CRANE respectfully request this Honorable Court grant an extension of time in which to respond to the Plaintiff's Third Amended Complaint to October 20, 2025 (20 days from the original response date) and for any further relief as this Court deems appropriate.

## Local Rule 3.01(g) Certification

The undersigned certifies that he attempted to confer with pro se Plaintiff regarding this motion for an extension of time via email (Plaintiff's telephone number is not included on any of Plaintiff's pleading) and that Plaintiff has yet to respond; however, due to the timeliness of this matter, the undersigned files this motion regardless of such.

Respectfully submitted,

**JAMES UTHMEIER**
**ATTORNEY GENERAL**

/s/Lydon Schultz
Lydon Schultz
Assistant Attorney General
Florida Bar No. 126615
Office of the Attorney General
Civil Litigation Central
3507 E. Frontage Road, Suite 150
Tampa, Florida 33607
Tel: (813) 233-2880|Fax: (813) 281-1859
Lydon.Schultz@myfloridalegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2025, I electronically caused the foregoing document to be filed with the Clerk of Court by using the CM/ECF system which will serve a copy of the foregoing document to be served to those parties capable of receiving notice of electronic service. I further certify that I caused to be mailed by First-Class U.S. Mail a copy of the foregoing document to pro se Plaintiff at 4825 Hummingbird Trail, Palm Harbor, Florida 34683.

/s/ Lydon Schultz
Lydon Schultz
Assistant Attorney General