UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY HARRIS,

      Plaintiff,

                           Case No.: 8:24-cv-02459-TPB-TGW

v.

PINELLAS COUNTY Et al,

      Defendants.

_____/

## MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Defendant, BOB GUALTIERI, in his official capacity as Sheriff of Pinellas County Florida (hereinafter "Sheriff"), moves to dismiss Plaintiff's Third Amended Complaint, with prejudice, in accordance with Rules 12(b)(6) and 8, Fed.R.Civ.P. based on grounds that Plaintiff lacks standing for injunctive relief, the Complaint again constitutes an impermissible shotgun pleading and fails to state any claim upon which relief can be granted against Sheriff.

## MEMORANDUM OF LAW

## I.   PROCEDURAL AND FACTUAL BACKGROUND

Procedurally, this Complaint is now Plaintiff's third attempt at pleading claims against various defendants and follows dismissal of Plaintiff's initial Complaint (Doc. 1) and Second Amended Complaint (Doc. 10). Plaintiff filed the Third Amended Complaint (Doc. 40) after this Honorable Court's Order Granting in

Part Defendants' Motions to Dismiss based upon lack of standing, shotgun pleading and failure to state a cause of action. (Doc. 39).

The Third Amended Complaint attempts to allege claims for violations of Title II of the ADA (Counts I, III, IV, VI, IX), violations of § 504 of the Rehabilitation Act (Count II and IX), violations of § 413.08 and § 760.07, F.S. (Count IV and VIII). Only Counts III, IV and VIII name Sheriff in his official capacity. (Doc. 40).

Into each and every count, however, Plaintiff incorporates the identical paragraphs, numbers 8-48, which include the entirety of his "Factual Allegations" section. In only three of those 40 paragraphs of the incorporated "Factual Allegations" does Plaintiff mention Sheriff or the Pinellas County jail facility (Doc. 40, paragraphs 28, 29, 30). In those three paragraphs Plaintiff alleges: (a) a past booking in June 2024; (b) a request for "video phone" while in jail at some time; and (c) some otherwise undescribed "post-arrest proceeding" occurring in November 2024. The overwhelming majority of the other paragraphs relate to other defendants and past court proceedings not involving Sheriff whatsoever. Plaintiff continues to seek compensatory damages, declaratory and injunctive relief against Sheriff. (Doc. 40).

## II.    STANDARD OF REVIEW

In assessing a Rule 12(b)(6) motion, a court must accept a complaint's allegations as true and view them in a light most favorable to the plaintiff. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). Although a *pro se*

plaintiff's complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972), the pro se plaintiff should nevertheless be required to conform to the procedural rules. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). An otherwise deficient pleading should not be rewritten by a court in order to sustain an action. See *Pontier v. City of Clearwater*, 881 F.Supp. 1565, 1568 (M.D. Fla.1995); *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain more than "labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). And, although well-pled allegations in a complaint are "viewed in the light most favorable to the plaintiff," *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007), "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 US 662, 678. A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with defendants' liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal

quotation marks omitted).   The court is "not bound to accept as true legal conclusions couched as factual allegation." *Id.*   Even if the facts are well-pled, the court cannot "infer more than the mere possibility of misconduct" if the complaint merely alleges and does not "show" that the pleader is entitled to relief.  *Id.* at 678.

The court may grant a motion to dismiss when "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Plaintiff has already been provided his "one chance" to correct his shotgun pleading and failed. As a result, Sheriff submits below there are multiple other basis for dismissal, including shotgun pleading, that require it to now be done with prejudice.

Further, Rule 8(a)(2) requires a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the court cannot "infer more than the mere possibility of misconduct," the complaint does not show entitlement to relief. *Iqbal*, 556 U.S. at 679. Each allegation must be "simple, concise, and direct and defendants are required, in responding, to "admit or deny the allegations asserted against it by an opposing party."  Rule 8(b)(1)(B), Fed.R.Civ.P. "More than mere conclusory notice pleading is required.... [A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir.1984).

## III. PLAINTIFF CONTINUES TO LACK STANDING TO SEEK DECLARATORY OR INJUNCTIVE RELIEF AGAINST SHERIFF

Despite this Court's detailed Order (Doc 39), Plaintiff continues to lack the threshold[1] matter of standing to seek injunctive relief and has not alleged any factual basis for such relief against Sheriff. As was thoroughly set out by the Court in its August 26, 2025 Order:

To establish Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). "Only an alleged harm that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical' is enough to show that a party 'has a case or controversy rather than, say, a strong and abiding interest in an issue, or a desire to obtain attorney's fees.'" *Hunstein v. Preferred Collection and Mgmt. Servs., Inc.*, 48 F.4th 1236, 1242 (11th Cir. 2022) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2206 (2021)). Since injunctions "regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate . . . threat of future injury." *Wooden v. Board of Regents of Univ. System of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) (emphasis in original). "In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). "District courts

---

[1] *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015).

must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury." *Longfellow v. Lee Mem'l Health Sys.*, No. 2:14-CV-142-FTM-29, 2014 WL 4682080, at *1 (M.D. Fla. Sept. 19, 2014).

In order to establish the necessary standing, Plaintiff must establish three things, including "injury-in fact", "a causal connection between the asserted injury-in-fact and the challenged action of defendant", and "that the injury will be redressed by a favorable decision." *Shotz v. Cates* 256 F.3d 1077, 1081 (11th Cir. 2001) (internal citations omitted).

As was the case in the prior complaint, Plaintiff again fails to allege the requirements for standing, much less supporting facts giving rise to an inference that he will suffer future discrimination by Sheriff. *Id.* Plaintiff alleges an ongoing case with, at the time of filing of the Third Amended Complaint, future court dates. The October 9, 2025 court date has passed as of filing of this motion. Plaintiff does not allege he is currently detained by Sheriff or any good faith basis that he will be detained in the future other than to state there is a general "risk" of detention. Further, the court dates alleged relate solely to "court appearances" involving other Defendants. To allow Plaintiff to seek injunctive or declaratory relief based on the past facts which relate solely to other defendants and court proceedings, and otherwise unsupported general allegation of a "risk" of detention in future, does not meet the requisite standard of standing relief sought. In the absence of real or immediate threat of detention, Plaintiff's claim continues to fail.

As this Court noted, "it is highly unlikely that Plaintiff would be entitled to a

broad injunction overhauling Defendants' training policies or compelling the creation of an "on call" interpreter system to be available to him 24/7. See *Tennessee v. Lane*, 541 U.S. 509, 531-32 (2004) ("Title II does not require States to employ any and all means to make judicial services accessible to persons with disabilities. . . . It requires only 'reasonable modifications' that would not fundamentally alter the nature of the service provided . . . [or] impose an undue financial or administrative burden."). Even if Plaintiff were afforded injunctive relief, it would likely be limited to ensuring he has qualified interpreters or other adequate methods of communication at future court proceedings. Plaintiff should therefore think carefully and consider the relief he is requesting in any future amended complaint."

If this Court "evaluate[s] standing based on the facts alleged in the complaint, and"...does not "speculate concerning the existence of standing or 'piece together support for the plaintiff,'" it is clear that the basis for claims against Sheriff continues to be wholly related to past arrests or detentions without a good faith assertion of future detention, not merely court proceedings. *Id.* citing *Cone Corp. v. Florida Dept. of Transportation*, 921 F.2d 1190, 1210 (11th Cir. 1991)

Plaintiff has not alleged facts giving rise to an inference that he will suffer future discrimination by the defendant Sheriff. See, *Shotz* at 1081. As was the case in *Shotz*, and Plaintiff's prior complaints, without a real and immediate threat of future detention, there is no support for the requisite standing to seek declaratory/injunctive relief. Dismissal, now with prejudice, is proper.

## IV.    PLAINTIFF'S THIRD AMENDED COMPLAINT REMAINS AN IMPERMISSIBLE SHOTGUN PLEADING

As this Court previously set forth, "the Eleventh Circuit has identified four primary types of shotgun pleadings:

(1)    complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2)    complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3)    complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4)    complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against."

See *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Plaintiff's Third Amended Complaint remains a shotgun pleading under the second and fourth categories. While Plaintiff now separates his counts by Defendant, he nevertheless still incorporates each and every factual paragraph (## 8-48) into each count against all defendants, including Sheriff. In contradiction to this Court's prior Order, Plaintiff continues to improperly "apply every stated fact to all Defendants." (Doc. 39, page 8).

This Court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on

shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). As instructed by the Eleventh Circuit, there is "little tolerance for shotgun pleadings" because they "waste judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* at 1295.

Plaintiff has already been given the *one chance* to remedy such deficiencies as set out by the Eleventh Circuit in the *Vibe Micro* case, and this Court has already thoroughly detailed how the offending pleading violated the shotgun pleading rule. *Id.* at 1295-96; See also Doc. 39. As almost the entirety of the facts pled appear wholly immaterial to any claims even arguably against Sheriff, the Third Amended Complaint is again rendered at shotgun pleading and should be dismissed, this time with prejudice.

Plaintiff's latest "shotgun" approach, without elements of claims pled in the three counts against Sheriff, much less factual averments incorporated against the respective parties, again leaves each defendant with the task of sifting through all of the incorporated "facts" and attempting to identify which allegations might apply to which party and claim. See, *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) (describing "quintessential 'shotgun' pleadings" complete with "rambling recitation[s]" and "factual allegations that could not possibly be material" that force the "district court [to] sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted"); *Thompson v. Relation Serve Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010); *Muglata v. Samples*, 256 F.3d

1282, 1284 (11th Cir. 2001) (citing Rule 8, Fed.R.Civ.P.). Plaintiff's shotgun pleading again forces not only this Honorable Court but the parties to sift through its pages hoping to discern which of the paragraphs incorporated may or may not be applicable to any one defendant or cause of action.  In the absence of a proper pleading making a party aware of which facts are actually asserted against Sheriff, Sheriff is left to speculate as to the applicability of potential immunities from suit, such as sovereign immunity and Eleventh Amendment immunity. [2]

The Court (and the defendants) are not required under the Rules to engage in sifting through yet another complaint or speculation as to Plaintiff's intentions insofar as the alleged factual basis for his claims. As a result of the foregoing, dismissal of the still shotgun Third Amended Complaint is proper and respectfully requested to be with prejudice.

## V.    PLAINTIFF'S THIRD AMENDED COMPLAINT FAILS TO STATE ANY CLAIM FOR RELIEF AGAINST SHERIFF

The Third Amended Complaint also continues to fail to state the most basic elements required for any claim against Sheriff under Title II of the ADA, § 504 of the Rehabilitation Act or any Florida Statutes despite this Honorable Court setting forth in detail the requirements for each claim. (Doc. 39, pages 9-12). Plaintiff has not rectified the deficiencies in this latest pleading.

---

[2] This Honorable Court previously declined to dismiss based on failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), which may be applicable if in fact any of the claims are related to jail conditions while Plaintiff was in custody. *See 42 U.S.C. §1997e(a)*. Such would be raised at appropriate time if claims are stated against Sheriff.

Plaintiff was instructed what he was required to plead, at a minimum, in order to state a claim under either Title II of the ADA or 504 of the Rehabilitation Act. (Doc. 39, pages 9-10). As was set out by the Court, in order to establish a disability discrimination claim under Title II of the ADA or § 504 of the Rehabilitation Act, Plaintiff must establish that he: (1) is a qualified individual with a disability; (2) was either excluded from participation in, or denied the benefits of, a public entity's services, programs, or activities; and (3) that the exclusion or denial of benefit was because of Plaintiff's disability. See *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019). A defendant does not need to accommodate a plaintiff who has meaningful access to the benefit at issue. See *Ambrose v. St. Johns Cnty. Sch. Bd.*, 664 F. Supp. 3d 1322, 1331-32 (M.D. Fla. 2023) (citing *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999)). Therefore, to establish these claims, Plaintiff must demonstrate that he lacks "meaningful access" to a public benefit to which he is entitled because of his disability. See *id.*

Further, as Plaintiff seeks monetary damages, he must also plead and prove that Sheriff engaged in intentional discrimination. See *Silberman*, 927 F.3d at 1134 (citing *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 348 (11th Cir. 2012)). To prove intentional discrimination, Plaintiff must show deliberate indifference – that Defendants "knew that harm to a federally protected right was substantially likely" and "failed to act on that likelihood." See *id.* (quoting *Liese*, 701 F.3d at 344). This conduct must also independently violate the Fourteenth Amendment. See *United States v. Georgia*, 546 U.S. 151, 157-58 (2006) *Nat'l Assln of the Deaf v. Florida*, 980 F.3d

11

763, 771 n.2 (11th Cir. 2020). And to hold a government entity liable, Plaintiff must also allege that an "official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the [entity's] behalf" had "actual knowledge of discrimination in the [entity's] programs and fail[ed] adequately to respond." See *Silberman*, 927 F.3d at 1134.

Other than parroting back various words and phrases contained in this Court's Order, Plaintiff's Third Amended Complaint does nothing to correct any of the deficiencies of the prior complaint. As to both Count III and IV, Plaintiff continues to fail to allege Sheriff intentionally failed to provide him interpreters. (See Doc. 39, page 10). Plaintiff also continues to fail to allege that Sheriff had actual knowledge of any discrimination yet failed to respond. (See Doc. 39, page 10). In the absence of fact-based, non-conclusory allegations to support the elements of a claim under Title II of the ADA and § 504 of the Rehabilitation Act against Sheriff, Plaintiff's Third Amended Complaint again fails to state a claim for relief and should be dismissed by this Honorable Court, now with prejudice.

As to Count VIII, the state law claims, Plaintiff has not pled, much less supported, a single viable state law claim for relief against Sheriff. Not under Florida Statute § 413.08 which prohibits discrimination in "public accommodation" or Florida Statute § 760.07 which provides for various remedies for unlawful discrimination under Florida state law provided the plaintiff has exhausted his administrative remedy if one is provided by the particular statute. There are no allegations, nor are any possible, that Plaintiff was detained in a "public

accommodation" as defined by Florida Statutes and he has not alleged the exhaustion of his administrative remedy as set out by the statute. In the absence of fact-based, non-conclusory allegations to support a viable, properly identified claim under a Florida Statute against Sheriff, Plaintiff's Third Amended Complaint again fails to state a claim for relief and should be dismissed by this Honorable Court.

Plaintiff's regurgitated words, phrases and case names in this latest attempt to state claims in an effort to proceed has again failed. The continued speculation as to what Plaintiff is pleading would in turn waste considerable judicial resources by necessitating Sheriff raise potential immunities (both sovereign immunity and Eleventh Amendment immunity) which may be applicable to certain claims depending on whether any claim is properly stated or actually intended against Sheriff.[3] Having failed to not only plead the most basic of elements necessary for the labeled claims, but also failed to plead sufficient factual matter to 'state a claim to relief that is plausible on its face,' Plaintiff's Third Amended Complaint is properly dismissed.

---

[3] For instance, depending on Plaintiff's allegations, a properly stated ADA or RA claim may nevertheless be barred by sovereign immunity or Eleventh Amendment immunity. See for example, *Summit Med. Assocs.* V. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999)(citations omitted) and *Wendel v. Florida Dept. of Highway Safety and Motor Vehicles, 80 F.Supp.3d 1297 (M.D. Florida, Orlando Division, January 21, 2015).* And, if the plaintiff is seeking to adjudicate the legality of past conduct and receive compensatory relief rather than injunctive relief from Sheriff, Eleventh Amendment may bar the suit. *Id*. Further, sovereign immunity may bar state claims depending on the state claims raised and whether such are brought against this defendant.

## VI.  PLAINTIFF'S STATE CLAIMS FAIL TO SATISFY HIS MANDATORY PRE-SUIT NOTICE REQUIREMENTS

Out of an abundance of caution, and as a separate basis as noted in footnote 3, Sheriff also raises that Plaintiff has brought state law claims against Sheriff without first satisfying his mandatory pre-suit notice requirements. § 768.28(1), Fla. Stat., partially waives sovereign immunity regarding state law tort claims against the State of Florida and its subdivisions. However, this statute also imposes conditions to this partial waiver. One such condition, the one at issue here, is the mandatory pre-suit notice requirement contained in § 768.28(6), Fla. Stat. Since 1979, the Florida Supreme Court has held that the notice requirements of § 768.28(6), Fla. Stat., is a condition precedent to maintaining a suit against a governmental entity. *Commercial Carrier Corp. v. Indian River Cnty.*, 371 So.2d 1010 (Fla. 1979).

Inasmuch, the Florida Supreme Court has long required that the language in the state's notice provision is clear and must be strictly construed. *Levine v. Dade Cnty. Sch. Bd.*, 442 So.2d 210, 212 (Fla. 1983). This long-standing requirement has been recently confirmed wherein "[c]ourts must strictly construe and require strict compliance with the pre-suit notice requirement." *City of Jacksonville v. Boman*, 320 So.3d 931, 935 (Fla. 1st DCA 2021) (citing *Barnett v. Dep't of Fin. Servs.*, 303 So.3d 508, 510, 513 (Fla. 2020) (recognizing "this Court's long-standing precedent that strictly construes Florida law waiving sovereign immunity," and requiring that any waiver of immunity be construed narrowly in favor of the government)). Thus,

14

"there is little room for substantial compliance." *Id.* (quoting *Maynard v. Dep't of Corr.*, 864 So.2d 1232, 1234 (Fla. 1st DCA 2004)).

To comply with the subsection, the claimant must provide written notice to the "appropriate agency" that would be liable for its employees' negligence or wrongdoing and would, thus, be the properly named defendant. *Cunningham v. Fla. Dep't of Child. & Fams.*, 782 So.2d 913, 915 (Fla. 1st DCA 2001) (the purpose of the notice requirement is to provide governmental entities with sufficient notice of claims filed as well as to provide time to investigate and respond to those claims); *Ryan v. Heinrich*, 501 So.2d 185, 186-87 (Fla. 2d DCA 1987) (the notice of claim must be presented to and identify the potential defendant entity). Specifically, § 768.28(6)(a), Fla. Stat., requires that "[a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency … within 3 years after such claim accrues …" More importantly, § 768.28(6)(b), Fla. Stat., mandates that these requirements are "conditions precedent to maintaining an action…"

Along with the mandatory pre-suit notice, § 768.28(6)(a), Fla. Stat., requires that Plaintiff's Complaint contains an allegation that Plaintiff has given adequate notice in compliance with the statute. *Levine*, 442 So.2d at 213. This mandatory notice is an essential element of any state claims Plaintiff might plead against Sheriff. Consequently, absent an allegation of fulfilling this mandatory pre-suit notice, Plaintiff's Third Amended Complaint fails to state a cause of action under Florida law. *Menendez v. North Broward Hosp. Dist.*, 537 So.2d 89, 91 (Fla. 1988).

## VII.  CONCLUSION

For the reasons set forth herein, Plaintiff's Third Amended Complaint, like the prior pleadings, remains not only an impermissible shotgun pleading but again fails to state any viable or plausible cause of action against Sheriff. Plaintiff also continues to lack standing to request injunctive or declaratory relief despite this Court's prior Order and instructions. It is therefore respectfully requested that this Honorable Court enter an order dismissing Sheriff, with prejudice, and for such other relief as is just and proper.

### LOCAL RULE 3.01(G) CERTIFICATION

In accordance with Middle District L. R. 3.01(g)(3), the undersigned hereby certifies she conferred with Plaintiff, who advised he opposes the relief requested herein.

RESPECTFULLY SUBMITTED on October 10, 2025.

/s/ Nicole E. Durkin
NICOLE E. DURKIN
Senior Associate Counsel
FBN 0078069
10750 Ulmerton Road
Largo, FL  33778
ndurkin@pcsonet.com
rreuss@pcsonet.com
Telephone: (727) 582-6274
Fax: (727) 582-6459
Attorney for Bob Gualtieri, in
his official capacity as Sheriff
of Pinellas County, Florida

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on October 10, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and a copy of this document was furnished to the *pro se* plaintiff, Jay Harris via U.S. mail to his address of record: 4825 Hummingbird Trail, Palm Harbor, FL 34683.

/s/ Nicole E. Durkin