UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY HARRIS

           Plaintiff,

                                      Case No.: 8:24-cv-02459-TPB-TGW

vs.

PINELLAS COUNTY, et al.,

           Defendants.
_____/

**PINELLAS COUNTY'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND MEMORANDUM OF LAW**

Defendant, PINELLAS COUNTY ("County"), moves to dismiss Plaintiff's Third Amended Complaint, with prejudice, under Rules 12(b)(6) and 8, Fed. R. Civ. P, because Plaintiff lacks standing for injunctive relief, the Third Amended Complaint fails to state a claim upon which relief can be granted and is an impermissible shotgun pleading.

**Memorandum of Law**

**I.    INTRODUCTION**

Plaintiff's Third Amended Complaint (Doc. 40) seeks declaratory relief, injunctive relief, and compensatory damages for purported violations of Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act, and § 413.08 and § 760.07, Florida Statutes. Plaintiff's Second Amended Complaint (Doc 10) was dismissed without prejudice with leave to amend by this Court's Order Granting in Part Defendants' Motions to Dismiss based upon lack of standing,

1

shotgun pleading and failure to state a claim upon which relief can be granted (Doc. 39). As will be discussed below, dismissal with prejudice is warranted because Plaintiff still lacks standing and the Third Amended Complaint still fails to state a claim upon which relief can be granted and is an impermissible shotgun pleading.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain more than "labels and conclusions; a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Furthermore, although the well-pled allegations in the complaint are "viewed in the light most favorable to the plaintiff," *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007), "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Even if the facts are well-pled the court cannot "infer more than the mere possibility of misconduct" if the complaint merely alleges and does not "show" that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 678.  Although a court must generally accept all factual allegations in a complaint as true, it need not accept "conclusory allegations and unwarranted deductions of fact." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F. 3d 402, 408 n. 10 (11th Cir. 1996). "[B]ald assertions and conclusions of law will not suffice." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

To satisfy the pleadings requirements of the Federal Rules of Civil Procedure, a complaint must provide defendants with fair notice of the nature of the claim, as

well as the grounds upon which it rests. *Twombly*, 550 U.S. at 555; *Swierkiewicz v. Soreman, N.A.*, 534 U.S. 506, 512 (2002). This pleading standard does not require "detailed factual allegations;" however, it does demand more than an unadorned "the-defendant-unlawfully-harmed-me accusation." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 77 (2009)).

### III. PLAINTIFF CONTINUES TO LACK STANDING BECAUSE HE DOES NOT PLEAD FUTURE INJURY BY PINELLAS COUNTY

Despite this Court's instructive order setting forth the requirements of standing to seek injunctive relief, the Third Amended Complaint still fails to allege any facts to support an inference that Plaintiff will suffer future injury from Pinellas County. "In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). Pinellas County does not administer Court proceedings and is not involved in Plaintiff's ongoing criminal case. Even if Pinellas County did have some authority over the Sixth Judicial Circuit's ADA compliance, Plaintiff only alleges two futures events; one of which has passed, and the other is a date uncertain trial. See *Third Amended Complaint* at ¶ 43. The only allegation that remotely could be connected to Pinellas County occurred in 2021, a "training/workshop," and the Third Amended Complaint does not state that Plaintiff will be attending any future County events in the future.[1] Accordingly, Plaintiff lacks standing and the Third Amended Complaint should be dismissed with prejudice.

---

[1] Presumably, based on the title of the workshop, the training was related to tax-certificate auctions which are not administered by Pinellas County.

## IV. PLAINTIFF'S CLAIMS AGAINST THE COUNTY MUST BE DISMISSED BECAUSE THE THIRD AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The Third Amended Complaint does not allege the minimum facts necessary for a claim under Title II of the ADA, Section 504 of the Rehabilitation Act, or § 413.08 and § 760.07, Florida Statutes. As stated in this Court's August 26, 2025 Order, to state a claim under Title II of the ADA or § 504 of the Rehabilitation Act, a plaintiff must demonstrate that he lacks "meaningful access" to a public benefit to which he is entitled because of his disability. *Ambrose v. St. Johns Cty. Sch. Bd.*, 664 F. Supp. 3d 1322, 1331 (M.D. Fla. 2023). As the Plaintiff seeks monetary damages, he must also plead and prove intentional discrimination. See *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1134 (11th Cir. 2019) (quoting, *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 348 (11th Cir. 2012)). Moreover, to hold a government entity liable, Plaintiff must also allege that an official who had authority to address the alleged discrimination and correct it had "actual knowledge" and failed to appropriately respond. *Id*. at 1134.

The Third Amended Complaint does not meet the "meaningful access" threshold because it does not allege that Pinellas County intentionally failed to provide Plaintiff with disability accommodations; that the County had actual knowledge of discrimination and failed to respond; or that the discrimination occurred because of Plaintiff's disability. For example, ¶ 20 of the Third Amended Complaint alleges that Plaintiff was excluded from participation and caused

4

financial loss at "County-affiliated Realauction training/workshop." *Third Amended Complaint* at ¶ 20. There are no allegations that Pinellas County had authority over the training/workshop; that Plaintiff was excluded because of his disability by Pinellas County; or that someone from the County with authority knew of the discrimination and failed to respond. The same pleading deficiencies are also found in the other factual allegations of the Third Amended Complaint. Other than for the mere fact that the alleged discrimination occurred in Pinellas County, Plaintiff does not plead any facts which implicate Pinellas County government or meet the minimum pleading requirements to state a claim for ADA discrimination.[2]

Like his ADA claim, Count II fails to allege any of the elements necessary to support a claim under Section 504 of the Rehabilitation Act. Plaintiff only offers conclusory statements that the County "excluded and denied Plaintiff by reason of disability, violating § 504." *Third Amended Complaint* at ¶ 56. Other than Plaintiff's perception and his conclusory statements that discrimination occurred, Count II is devoid of any allegations that would lead a factfinder to reasonably infer that the County excluded Plaintiff because of his disability.

Count VII of the Third Amended Complaint alleges claims against Pinellas County under two Florida Statutes: § 413.08 which prohibits discrimination in "public accommodation;" and § 760.07 which provides various remedies for unlawful discrimination subject to the plaintiff having exhausted administrative remedies.

---

[2] Paragraphs 12, 44, and 53 seek to mislead the Court by implying that co-defendant JESUS GONZALEZ is a Pinellas County employee and has authority to act on behalf of the County. Mr. Gonzalez is an employee of the Sixth Judicial Circuit, which is a separate legal entity from Pinellas County. Plaintiff has repeatedly been informed that Pinellas County has no authority over how the Sixth Judicial Circuit meets ADA requirements.

The Third Amended Complaint continues to only make conclusory statements that Pinellas County's conduct violated the listed statutes. For example, ¶ 68 of the Third Amended Complaint only states, "[t]he County's failures in court-related services and programs constitute discrimination" and does not offer any facts which would even minimally support a cause of action based upon either statute. *Third Amended Complaint* at ¶ 68.

## V. PLAINTIFF'S THIRD AMENDED COMPLAINT IS STILL AN IMPERMISSIBLE SHOTGUN PLEADING

The Third Amended Complaint is still an impermissible shotgun pleading because it incorporates each and every factual paragraph (# 8-48) into each count against all defendants. Plaintiff continues to apply every fact against all defendants and, as a result, the defendants are left to sift through the proverbial factual rubble to try and determine which facts apply to which defendant. Plaintiff has already been given the opportunity, with the guidance of this Court's instructive order, to resolve the pleading issues and yet he has failed to do so. Accordingly, the Third Amended Complaint should be dismissed with prejudice.

## VI. CONCLUSION

For the reasons set forth above, the Court should dismiss with prejudice Plaintiff's Complaint and grant such other relief as it deems just and proper.

### LOCAL RULE 3.01(G) CERTIFICATION

Prior to filing this motion, the undersigned conferred with *Pro Se* Plaintiff who stated he opposed the relief sought in this motion.

Respectfully submitted on October 13, 2025,

/s/ *Jeffrey N. Klein*
JEFFREY N. KLEIN
Florida Bar Number 1025117
Assistant County Attorney
Pinellas County Attorney's Office
315 Court Street, 6th Floor
Clearwater, FL 33756
Tel: 727-464-3354   Fax: 727-464-4147
Primary: JKlein@pinellas.gov
Secondary: eservice@pinellas.gov
Attorney for Defendant Pinellas County

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on October 13, 2025, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will serve all parties whose counsel have entered appearances and mailed a copy of the document via U.S. Mail to the Plaintiff, Jay Harris, at 4825 Hummingbird Trail, Palm Harbor FL 34683.

/s/ *Jeffrey N. Klein*
JEFFREY N. KLEIN

PCAO 539053